UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

KISHORE KUMAR BHAGCHANDANI,

                  Petitioner,        **No. 1:12-CV-0388(MAT)**
                                          **DECISION AND ORDER**

     -vs-

RECOVERY PLUS, B.P.G., and FIELD
OFFICE DIRECTOR, ICE

                  Respondents.

─────────────────────────────

## I.   Introduction

Pro se petitioner Kishore Kumar Bhagchandani ("Petitioner") is an alien under a final immigration order of removal, currently permitted to reside at large under an Order of Supervision issued by the Department of Homeland Security ("DHS") pending his repatriation to Pakistan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a change in the status of the removal order issued against him and also requesting "discharge from hospital to home out patient." Petition ("Pet."), p. 1 (Dkt #1).

## II.  Factual Background and Procedural History

Petitioner is a native and citizen of Pakistan, who was admitted to the United States at New Orleans, Louisiana, on or about June 21, 1983, as a lawful permanent resident. On April 12, 2007, Petitioner was placed in DHS custody at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, and served with

a Notice to Appear ("NTA"). The NTA charged him, pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), with being subject to removal from the United States as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of misconduct; pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), a crime of violence; and pursuant to INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who had been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect or child abandonment.

On July 3, 2007, an immigration judge ordered Petitioner removed from the United States to Pakistan.[1] Petitioner remained detained in DHS custody.

In accordance with immigration regulations, DHS reviewed Petitioner's custody status on several occasions. On December 11, 2008, DHS notified Petitioner that he would be released from custody under the Enhanced Supervised Release program. On

---

[1]

Respondent indicates that DHS's efforts to repatriate Petitioner have been unsuccessful to date. By a letter dated August 26, 2010, a representative of the Consulate of Pakistan notified DHS that the "particulars" pertaining to Petitioner "could not be verified from the concerned authorities in Pakistan due to non-verification of their addresses". Thus, it appears that the Consulate has not been able to complete a background check of Petitioner.

December 12, 2008, Petitioner was released from DHS custody pursuant to an Order of Supervision. As a condition of his release, a Global Positioning System ("GPS") was attached to his ankle, but on December 30, 2008, Petitioner removed the GPS unit.

Pursuant to a Notice of Revocation of Release issued by DHS on December 31, 2008, Petitioner was re-arrested by the DHS Fugitive Operations Team and placed in DHS custody on December 31, 2008, for failing to abide by the conditions of the Order of Supervision.

On February 26, 2009, Petitioner was re-released from DHS custody pursuant to another Order of Supervision. At the present time, Petitioner remains under DHS supervision and is permitted to be at large under the conditions set forth in the Order of Supervision and Addendum, pending his removal from the United States.

In his pro se habeas petition filed April 27, 2012, Petitioner requests the following relief: "discharge from Hospital B.P.C to home outpatient" and "immigration officer will change status a.s.a.p." Pet., p. 3 (Dkt #1). Petitioner has submitted two motions seeking "discharge from Recovery Plus of North Tonawanda and Carousel Park Apartments to home outpatient with good quality care. . . ." Motion for Discharge, p. 1 (Dkt #6); see also Dkt ##7, 8, 9, & 10.

By Order dated May 9, 2012, the Court (Curtin, D.J.) deemed the petition amended to remove "Jude Hammer, Nurse" as a respondent

and to add "Field Office Director, ICE" as a new respondent. The case caption continues to include "RECOVERY PLUS, B.P.G. [sic]", an entity that respondent Field Office Director's attorneys are unable to identify. They surmise it refers to the "Buffalo Psychiatric Center (Hospital)", about which Petitioner also complains in his Petition. See Pet., p. 2, ¶ 2(c) (Dkt. #1).

Respondent answered the petition and concomitantly moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that there is no basis for the Court to assume habeas jurisdiction over the claims asserted by Petitioner regarding his removal status. Respondent also asserts that there is no factual or legal basis for Petitioner's request for habeas relief as he is not detained in DHS custody but rather is released under an order of supervision. Petitioner has not opposed Respondent's motion to dismiss.

## III. Discussion

### A. The District Court Lacks Jurisdiction to Review Petitioner's Habeas Claim Regarding His Removal Status.

One of Petitioner's requests for relief is that an "immigration officer will change [his] status. . . ." Pet., p. 3. The Court presumes that Petitioner wishes to have his lawful permanent resident status restored. Based upon his continued efforts to prevent his deporation, this request only can be construed as a challenge to the underlying removal order. The Court cannot grant Petitioner's request, as such relief is barred by the

amendments to the Immigration and Nationality Act set forth in the REAL ID Act of 2005, Pub. L. No. 109-13, 199 Stat. 231 (codified at 8 U.S.C. § 1252), which divested the district courts of jurisdiction over aliens' challenges to immigration orders of removal other than challenges to detention.

Following passage of the REAL ID Act, the exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate circuit court of appeals. See REAL ID Act, § 106(a)(1)(B).[2] Thus, the instant Petition must be dismissed for lack of subject matter jurisdiction. See, e.g., Aime v. Department of Homeland Security, No. 05-CV-544F, 2005 WL 1971894, at *1 (W.D.N.Y. Aug. 16, 2005) ("The Court finds that since petition challenges an order of removal within the meaning of the REAL ID Act, § 106(b). . . , this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

**B.   Any Relief Possible Under 28 U.S.C. § 2241 Has Already Been Granted to Petitioner.**

Under 28 U.S.C. § 2241, "[w]rits of habeas corpus may be granted" to a prisoner "in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the proper mechanism for a

---

[2]

By order filed on September 25, 2008, and issued as a mandate on October 20, 2008, the Second Circuit Court of Appeals dismissed Petitioner's petition for review. See Bhagchandani v. Mukasey, No. 08-3336-ag (2d Cir. Sept. 25, 2008).

prisoner to challenge the "legality or duration" of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Here, however, Petitioner is no longer detained in DHS custody and is at liberty under an order of supervision. By his own admission in the Petition, <u>see</u> Pet., ¶ 2(d), Petitioner acknowledges that he is under supervision, rather than in immigration detention. Thus, his petition does not challenge the "legality or duration" of his confinement.

The Court notes that when Petitioner was in DHS detention in Texas, he filed a § 2241 habeas petition challenging his custody status. On May 29, 2009, the United States District Court for the Southern District of Texas dismissed that petition as moot because Petitioner, during the pendency of the proceeding, had been released from DHS custody and placed under an order of supervision. The instant petition likewise must be dismissed, as there are no grounds for a claim of unlawful detention.

In requesting "discharge from hospital to home out patient", Pet., p. 1, Petitioner challenges only his status as a hospital inpatient. Such a claim does not implicate the "core" concerns of habeas corpus, <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004), since it does not attack the fact of a conviction or removal order, or the duration of confinement. Furthermore, Petitioner has not directed this Court to any legal authority for the proposition that

it has jurisdiction to order Petitioner to be discharged from a private hospital.

## IV.  Conclusion

For the foregoing reasons, Respondent's motion to dismiss (Dkt #5) is granted; Petitioner's request for a writ of habeas corpus is denied; and the petition (Dkt #1) is dismissed with prejudice. Petitioner's motions to be discharged from the hospital (Dkt ##6, 7) are denied with prejudice.

Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:    September 6, 2013
          Rochester, New York